**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **JOSE V. PINEDA-ROMERO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | |
| | § | **CAUSE NO. EP-26-CV-809-KC** |
| **SAMUEL OLSON et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## <u>ORDER</u>

On this day, the Court considered Jose V. Pineda-Romero's Petition for a Writ of Habeas Corpus, ECF No. 1.  As noted in the Petition, this Court granted in part Pineda-Romero's previous petition for a writ of habeas corpus on February 12, 2026.  *Id.* ¶¶ 2, 10; *see* Order, *Pineda-Romero v. Olson*, 3:26-cv-257-KC (W.D. Tex. Feb. 12, 2026), ECF No. 5.  And ordered Respondents to either (1) provide him with a bond hearing before an IJ, at which the Government was to bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, his continued detention; or (2) release him from custody, under reasonable conditions of supervision.  Order, *Pineda-Romero*, 3:26-cv-257-KC.

In compliance with the Court's February 12 Order, Pineda-Romero was provided with a bond hearing on February 19, at which the IJ determined that Pineda-Romero was a flight risk and denied him bond on this basis.  Pet. ¶¶ 13–19.  On February 20, Pineda-Romero filed a motion to enforce the Court's February 12 Order, arguing that the IJ incorrectly assessed his flight risk, giving little weight to evidence of his United States citizen child's debilitating disease, and relying, instead, on Pineda-Romero's ineligibility for asylum and his pending criminal case.  *See* Motion, 3:26-cv-257-KC, at * 2–3 (W.D. Tex. Feb. 20, 2026), ECF No. 7.

The Court denied Pineda-Romero's motion for lack of jurisdiction.  Final J., *Pineda-Romero v. Olson*, 3:26-cv-257-KC (W.D. Tex. Feb. 20, 2026), ECF No. 8 (citations omitted).  As the Court "lacks jurisdiction to sit in review of an IJ's discretionary finding that an alien is a flight risk and therefore should be denied bond."  *Id.* (citing *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 678–79 (W.D. Tex. 2025)).  The Court explained that "at the February 12 bond hearing, the IJ made factual findings regarding Pineda-Romero's flight risk" and that, regardless of whether it agreed with the IJ's flight risk determination, it "simply lacks jurisdiction to review such a discretionary finding." *Id.*

Pineda-Romero has now filed the instant Petition, challenging his continued detention as unlawful on the basis that the IJ incorrectly determined him to be a flight risk and improperly denied him bond on February 19.  Pet. ¶¶ 22–35.  For the same reasons the Court denied Pineda-Romero's previous motion to enforce, the Court must dismiss the Petition for lack of jurisdiction. *See* Final J., *Pineda-Romero*, 3:26-cv-257-KC.

Accordingly, the Court **ORDERS** that the Petition, ECF No. 1, is **DISMISSED**.

**IT IS FURTHER ORDERED** that David G. Pugh's Motion for Admission Pro Hac Vice, ECF No. 2, is **DENIED** as moot.

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED this 25th day of March, 2026.**

KATHLEEN  CARDONE
UNITED STATES DISTRICT JUDGE

2